UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN R. WOOD, *et al.*,

    Plaintiffs,

                                        Case No. 1:04-CV-346
v.                                          Hon. Hugh W. Brenneman, Jr.

RYAN A. PALMER *et al.*,

    Defendants.
                                                 /

**ORDER**

This matter is now before the court on defendant Palmer's and Lawson's Motion in Limine (docket no. 99) and Motion to Strike (docket no. 154).

      **A.**      **Motion in Limine**

Defendants' motion in limine seeks "to exclude from evidence any and all testimony about, exhibits of, or reference to marijuana found in Defendant Palmer's vehicle after the accident." Defendants contend that such evidence is irrelevant to the issues in this case, is likely to confuse the jury, and should be excluded pursuant to Federal Rule of Evidence (FRE) 402.

      **1.**      **Legal standard**

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." FRE 401. According to FRE 402, "[a]ll relevant evidence is admissible, except as otherwise provided . . . by these rules," and "[e]vidence which is not relevant is not admissible." Finally, pursuant to FRE 403, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."

### 2.     **Factual background**

This suit involves an automobile accident that occurred on December 1, 2002. Defendant Palmer was the driver of an automobile involved in the accident, suffered injuries and was hospitalized. On or about December 11, 2002, his mother, defendant Rhonda Lawson, collected Palmer's personal property from the vehicle at a junkyard. *See* Michigan State Police Supplemental Incident Report (12/11/02) attached to defendants' brief as Exh. D. An opened package of cigarettes was among the items collected from Palmer's vehicle. *Id.* The State Police investigator described the package as follows:

> Upon examination of an opened package of cigarettes I located a small amount of marijuana. Lawson told me that she collected the package from the car believing that it contained cigarettes. She reported having no knowledge of the substance, and stated that she did not know of her son having any involvement with marijuana.

*Id.* The report identifies two property items (item nos. 8 and 9) seized from defendant Lawson and retained as evidence. The items were located inside of Palmer's vehicle. Item no. 8 consisted of "3 partially burned hand rolled cigarettes suspected to contain marijuana," which weighed 23.6 grams including packaging. *Id.* Item no. 9 consisted of "one clear plastic sandwich baggie containing a green leafy substance suspected to be marijuana" which weighed 25.4 grams including packaging. *Id.*

The State Police requested a test of Palmer's blood on December 18, 2002. *See* Supplemental Incident Report (12/26/02) attached to defendant's brief as Exh. E. The hospital report indicated that an analysis of "plasma ethanol" was performed, and that Palmer had a blood alcohol content of 0.01. *See* Blood Analysis attached to defendant's brief as Exh. F. The records do not reflect that Palmer's blood was ever tested for the presence of any substance other than ethanol.

During his deposition, Palmer gave the following testimony with respect to the marijuana found in the vehicle:

Q: After the accident, your mother removed items from the car. You are aware of that?

A: Yes.

Q: And among the items that she removed was a pack of cigarettes. You knew that?

A: Depends on what you mean by I knew that.

Q: Well, let me ask you this: Do you understand that your mother removed a pack of cigarettes from your Lexus?

A: Yes.

Q: And did you understand that there was marijuana found in that pack of cigarettes?

A: Yes.

Q: Whose marijuana was that?

A: I do not know.

Q: Did you smoke marijuana in October 2002?

MR. BREESE [Palmer's Attorney]: I am going to instruct the witness not to answer that question on the grounds that it violates his Fifth Amendment rights against self-incrimination potentially.

Q: Did you smoke marijuana in November of 2002?

MR. BREESE: Same objection.

Q: Mr. Palmer, have you smoked marijuana?

MR. BREESE: Same objection.

Q: Mr. Palmer, there was also a bag of marijuana that your mother had found in your Lexus after the accident. Do you know whose that was?

A:   No.

Q:   Can you tell me that it was not your marijuana?

A:   I don't believe it was mine, no.

Q:   If the marijuana cigarettes found in your car were smoked, do you know who smoked them?

A:   No.

Q:   Can you tell me that you were not the one that smoked them?

A:   Yes.

Q:   Why?

A:   (Pause) Because I, I do not do that.

Q:   Did you smoke marijuana in November 2002?

MR. BREESE: That question has been asked and answered and the objection has been posed.

MR. BUCHANAN [Plaintiff's Attorney]: And, Mr. Breese, this is probably not the time to debate the issue, but you are permitting him to answer some of the questions in this area but not others, and I guess I'm not sure how we deal with that situation. I think he is trying to suggest that it wasn't his marijuana and he didn't smoke it but you are not letting me explore how it got in his care and whose it might be.

MR. BREESE: I think he has answered the question that it isn't his and he doesn't know how it got in his car. Use and Possession are two separate criminal offenses, of course.

Q:   Mr. Palmer, can you tell us whose marijuana was in your car?

A:   No.

Q:   Do you know where it came from?

A:   No.

4

> Q: Do you know anything about it?
>
> A: No.
>
> Q: Do you know where your mother found it?
>
> A: No.
>
> Q: If it was found in your jacket do you know why it was in your jacket?
>
> A: No.
>
> Q: If marijuana was found in your package of cigarettes, do you know why it was in your package of cigarettes?
>
> A: No.

Ryan Palmer Deposition (1/12/05) at 58-61, attached to defendants' brief as Exh. C.

Although Mr. Palmer testified that he knew nothing about the marijuana cigarettes and did not smoke them, he later testified that he had no memory of the events of December 1, 2002. *Id.* at 78-81. Mr. Palmer also testified that he had no memory of anything that occurred between November 1, 2002 and December 1, 2002. Ryan Palmer Dep. at 9, attached to plaintiff's brief as Exh. 1. He also testified that he had no memory of smoking marijuana or drinking the morning of the accident. *Id.* at 15.

Defendant Lawson, Mr. Palmer's mother, testified that she found the package of cigarettes in the console between the driver and passenger seat. *See* Rhonda Lawson Deposition (1/18/05) at 64-65, attached to plaintiff's response as Exh. 2. When she brought the belongings to the State Police post, the police discovered a bag "[w]ith a dried leaf substance in it" either in or with the cigarette package. *Id.* at 70. Finally, Mr. Palmer testified that he was a smoker, that usually had cigarettes in his coat pocket and that he smoked "on occasion" when he drove. *See* Ryan Palmer Dep. at 55-56, attached to plaintiff's brief as Exh. 1.

5

### 3. Discussion

Defendants contend that the marijuana found in the vehicle was either irrelevant or, if relevant, that the reference to marijuana outweighs any probative value of the evidence.

#### a. Evidence of the marijuana is relevant

First, the court finds that the marijuana found in the vehicle was relevant evidence. "Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." FRE 401. Defendant Palmer has testified that he has no recollection of the accident and cannot explain how his automobile crossed the median and traveled the wrong direction on an interstate highway.

Given Mr. Palmer's apparent lack of any memory of this incident, the jury should be allowed to view all of the available evidence to assist in determining how this serious accident occurred. The presence of partially smoked marijuana cigarettes in the driver's compartment could suggest that Mr. Palmer was distracted in some manner while driving his vehicle. Mr. Palmer testified that he smokes on occasion while driving. The jury should be entitled to hear evidence that a package of cigarettes and some partially burned cigarettes were found in the console after the accident. If Mr. Palmer has complete memory loss, then plaintiffs should be able to use all available evidence to reconstruct the events leading up to the accident.

Similarly, the jury should be entitled to hear evidence about the presence of a controlled substance in the console next to the driver. For reasons that are not entirely clear, Mr. Palmer's blood was not tested for the presence of any substance other than ethanol. The presence of partially smoked marijuana cigarettes in the console is akin to the presence of a partially consumed

bottle of beer, i.e., both are evidence that mind altering substances may have been consumed in the vehicle.

In summary, the court concludes that the marijuana and marijuana cigarettes are relevant evidence under the facts presented to the court: (1) the presence of partially consumed marijuana cigarettes placed in a cigarette package; (2) found in the console of a vehicle driven by a smoker; (3) after a serious accident; (4) where the driver states that he has no memory of the accident; (5) where the driver has some alcohol in his blood; where the driver is the only person in the vehicle; and, (6) where the driver denies use of or knowledge of the marijuana.

### b. Evidence of the marijuana is not unfairly prejudicial

Second, the court concludes that the probative value of the marijuana is not substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury. *See* FRE 403. In this regard, defendants contend that plaintiffs' failure to identify a toxicologist on the effects of the drug on defendant Palmer is evidence of their intent "simply to introduce evidence of the marijuana for the purpose of arousing juror sentiment against Defendant Palmer." Defendants' Brief at 10.

The jury is entitled to view all of the evidence that might explain why he drove his car across the median and into oncoming traffic. If defendant Palmer testifies, then the jury will determine whether he is a credible witness. Mr. Palmer was the sole occupant of the car. Partially burned marijuana cigarettes were found in his car. Mr. Palmer's testimony is inconsistent in that he denies he owned or used the marijuana before the accident, yet he also states that he has no memory of the accident or the month preceding the accident.

Mr. Palmer's credibility is further at issue regarding his use of marijuana. During his deposition, he stated (after a pause) that he did not smoke the marijuana cigarettes, "[b]ecause I, I

7

do not do that." Palmer Dep. at 59.  However, Mr. Palmer refused to answer questions related to his use of marijuana invoking the Fifth Amendment.  While a defendant has a right to assert his Fifth Amendment rights in a criminal proceeding, "[n]o [F]ifth [A]mendment privilege attaches in the context of a civil proceeding." *McKinney v. Galvin*, 701 F.2d 584, 589 (6th Cir. 1983).  The Fifth Amendment does not forbid adverse inferences against a party in a civil actions when the party refuses to testify in response to probative evidence offered against him.  *Id.* at 589 n. 10.  *See Arango v. United States Department of the Treasury*, 115 F.3d 922, 926 (11th Cir. 1997) ("the Fifth Amendment does not forbid adverse inferences against civil litigants . . . who assert the privilege against self-incrimination").  *Cf. United States v. Rylander*, 460 U.S. 752, 758-59 (1983) (a party who asserts the privilege may not "convert [it] from the shield against compulsory self-incrimination which it was intended to be into a sword whereby [he] would be freed from adducing proof in support of a burden which would otherwise have been his").

In the present case, Mr. Palmer's refusal to answer questions about his marijuana use creates a credibility issue because he also admitted under oath that he does not smoke marijuana.  Because Mr. Palmer cannot recall anything about the accident, or for that matter his own actions for the month prior to the accident, plaintiffs have the burden of reconstructing his actions that led up to the accident.  Under the facts of this case, the marijuana in the vehicle is just one more piece of evidence for the jury to consider in evaluating Mr. Palmer's credibility and piecing together the series of events that resulted in his vehicle crossing the median.  *See generally, Bogner v. Prater Industries, Inc.*, 1989 U.S.Dist. LEXIS 18076 (W.D. Mich. May 2, 1989) (evidence of prior marijuana use was not unfairly prejudicial to the plaintiff in light of his denial of drug use, because "[i]t does not serve merely to attack the plaintiff's character, nor is it so inflammatory that it invites the jury to render a judgment based upon irrelevant matters").

Finally, the admission of the marijuana does not establish that Mr. Palmer was under the influence of a controlled substance at the time of the accident. Defendants are free to argue that the marijuana cigarettes belonged to someone else and point out that the authorities failed to perform a toxicology test on Mr. Palmer's blood.

Accordingly, defendants' motion in limine (docket no. 99) is **DENIED**.

### B.     Motion to strike

Next, defendants seek to strike from plaintiffs' second amended complaint "any and all references to marijuana, operating under the influence, illegal drugs, or controlled substances as these allegations are not relevant, but rather, immaterial, impertinent, and scandalous and will likely confuse and mislead the jury." Defendants' Motion to strike [unpaginated] at 1-2. Specifically, defendants seeks to strike (1) paragraphs 40 through 44; (3) "the centered heading directly before paragraph 40;" (3) subsection "j" of paragraph 62; and, (4) "any other paragraphs or portions thereof which reference marijuana, illegal drugs, controlled substances, or operating under the influence." *Id.* at 2.

#### 1.     Legal standard

Pursuant to Fed. Rules Civ. Proc. 12(f), allows the court to strike "redundant, immaterial, impertinent, or scandalous matter" from any pleading.

> According to the case law of this circuit, the "action of striking a pleading should be used sparingly by the courts." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir.1953). It should be "resorted to only when required for the purposes of justice" and when "the pleading to be stricken has no possible relation to the controversy." *Id.*

*Anderson v. United States*, 39 Fed.Appx. 132, 135 (6th Cir. 2002).

9

**2.    Discussion**

Defendants' brief sets forth essentially the same arguments as raised in their motion in limine, *supra*. As the court previously discussed, the presence of marijuana in Mr. Palmer's vehicle is relevant evidence. Such evidence is related to the controversy at issue. *See Brown*, 201 F.2d at 822. Plaintiffs may refer to these matters in their second amended complaint. Accordingly, defendants' motion to strike (docket no. 154) is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 13, 2006                             /s/ Hugh W. Brenneman, Jr.
                                                  Hugh W. Brenneman, Jr.
                                                  United States Magistrate Judge